UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES POE                                                                                               PLAINTIFF

V.                                                                        CIVIL ACTION NO.1:04CV231-JAD

J.E.P. ENTERPRISES, L.P., ET AL                                                          DEFENDANTS

## ORDER DISMISSING ACTION

The court has reviewed the file in this matter, including the defendants' motion for summary judgment and the plaintiff's response.

Initially the court must address the question of the court's jurisdiction. The pro se plaintiff has not set forth the basis on which he claims the court has jurisdiction. In its answer, the defendants, challenged the failure of the plaintiff to establish the jurisdictional basis and on the motion for summary judgment attacks the jurisdiction based upon their assessment of the merits of the underlying claims. In its summary judgment motion the defendants' attacks on jurisdiction are based on its position on the merits of the claim. Neither side has been helpful in resolving this question. Poe alleges that he is a victim of discrimination, though he characterizes it as based upon personal dislike. Defendants in their brief admit that the apartment complex is for the Elderly and Disabled and that Poe, as a result of a disability is qualified to reside there. The original answer admits the defendants' complex is subject to regulation by the United States Department of Agriculture's Rural Development in asserting Poe's alleged failure to exhaust administrative review. Mindful of its obligation to construe the pleadings of this pro se litigant liberally, it appears that the court has federal question jurisdiction, 28 U.S.C. § 1331, of a complaint within the ambit of Title 29 § 794.

The plaintiff's amended complaint shows that he is very dissatisfied with the management of the apartment complex. He has apparently, by his pleadings, taken on the role of monitoring the conduct of his fellow tenants and regularly complained to JEP Enterprises about conduct he feels is illegal, in breach of the other tenants' leases, or simply immoral in Poe's opinion. His amended complaint shows that he has become involved in a number of conflicts with other tenants. He has also had clashes with the management of the apartment complex due to alleged abusive and threatening language. JEP has admittedly tried to evict him at various times. He contends that he has been discriminated against due to the personal animosity of the managers. He asserts that the complex has not been even -handed in citing tenants for lease or other violations. He is dissatisfied with the responses of JEP Enterprises, in failing to evict other tenants on his complaints; in failing to replace a hot water heater in what he considers a timely manner and in failing to replace a furnace. What he has not pled is any cause of action against these defendants. He has not produced any evidence in response to the defendants' motion for summary judgment of any unlawful discrimination. Personal conflict, however unpleasant, and any resulting animosity does not, without more, establish any improper discrimination. Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2553). If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v MacDonald* 893 F 2d 787, 793(5th Cir. 1990). Here the burden of proof is with Poe and he has failed to set forth a prima

2

facie showing of discrimination or other basis for any claim against the defendants. The court therefore finds that the motion for summary judgment should be granted and a judgment entered in this cause dismissing the complaint with prejudice.

SO ORDERED this the 19th day of December, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE